IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 09-813 |
| v. | : | DATE FILED:  February 24, 2011 |
| JON J. LACKNER | : | VIOLATIONS: |
| | : | 18 U.S.C. § 2422(b) (using interstate communications to attempt to induce a minor to engage in illegal sexual activity - 1 count) |
| | : | |
| | : | 18 U.S.C. § 2423(b) & (e) (travel with intent to engage in illicit sexual conduct with a minor - 1 count) |
| | : | 18 U.S.C. § 1470 (attempted transfer of obscene material to a minor - 3 counts) |
| | : | 18 U.S.C. § 2251(a) (use of a minor to produce visual depictions of sexually explicit conduct - 1 count) |
| | : | 18 U.S.C. § 2252(a)(4) (possession of child pornography - 1 count) |
| | | Notice of forfeiture |

## S U P E R S E D I N G   I N D I C T M E N T

### COUNT ONE

THE GRAND JURY CHARGES THAT:

From on or about August 29, 2008, to on or about March 24, 2009, in Bensalem, in the Eastern District of Pennsylvania and elsewhere, defendant

**JON J. LACKNER**

using the mail and facilities and means of interstate commerce, that is a computer, the Internet, and a telephone, did knowingly attempt to persuade, induce, entice, and coerce a person he believed had not yet attained the age of 18 years to engage in sexual activity for which a person

could be charged with a criminal offense.

In violation of Title 18, United States Code, Section 2422(b).

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about March 24, 2009, in Bensalem, in the Eastern District of Pennsylvania and elsewhere, defendant

### JON J. LACKNER

traveled from New Jersey to Bensalem, Pennsylvania for the purpose of engaging in illicit sexual conduct with another person.

In violation of Title 18, United States Code, Section 2423(b) and (e).

3

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about March 12, 2009, in Bensalem, in the Eastern District of Pennsylvania, defendant

### JON J. LACKNER

did knowingly use facilities and means of interstate commerce, that is a computer and the Internet, to knowingly attempt to transfer obscene matter to another individual who had not attained the age of 16 years, knowing that the other individual had not attained the age of 16 years.

All in violation of Title 18, United States Code, Section 1470.

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about March 13, 2009, in Bensalem, in the Eastern District of Pennsylvania, defendant

**JON J. LACKNER**

did knowingly use facilities and means of interstate commerce, that is a computer and the Internet, to knowingly attempt to transfer obscene matter to another individual who had not attained the age of 16 years, knowing that the other individual had not attained the age of 16 years.

All in violation of Title 18, United States Code, Section 1470.

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about March 15, 2009, in Bensalem, in the Eastern District of Pennsylvania, defendant

### JON J. LACKNER

did knowingly use facilities and means of interstate commerce, that is a computer and the Internet, to knowingly attempt to transfer obscene matter to another individual who had not attained the age of 16 years, knowing that the other individual had not attained the age of 16 years.

All in violation of Title 18, United States Code, Section 1470.

## COUNT SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about January 25, 2007, in District of New Jersey, defendant

### JON J. LACKNER

knowingly used, persuaded, induced, enticed, and coerced a minor, E.C., to engage in sexually

explicit conduct for the purpose of producing a visual depiction of that conduct, using materials

that had been mailed, shipped and transported in interstate and foreign commerce to produce that

visual depiction.

In violation of Title 18, United States Code, Section 2251(a).

## COUNT SEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about March 25, 2009, in the District of New Jersey, defendant

## JON J. LACKNER

knowingly possessed a computer, which contained a visual depiction that had been produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce. The production of this visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depictions were of a minor engaging in sexually explicit conduct.

In violation of Title 18, United States Code, Section 2252(a)(4)(B).

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      As a result of the violations of Title 18, United States Code, Sections 2422(b),

2423(b), and 1470 set forth in this indictment, defendant

### JON J. LACKNER

shall forfeit to the United States of America any property, real or personal, used or intended to be

used to commit or to facilitate or promote the commission of such offenses including, but not

limited to, computers, monitors, cables, computer floppy discs/cd roms, flash drives, modems,

routers, and cameras seized from the defendant's home and/or car and any obscene material.

         All pursuant to Title 18, United States Code, Sections 2428 (a)(1) and 1467

(2)(3).

2.      If any of the property subject to forfeiture, as a result of any act or omission of the

defendant:

       (a)     cannot be located upon the exercise of due diligence;

       (b)     has been transferred or sold to, or deposited with, a third party;

       (c)     has been placed beyond the jurisdiction of the Court;

       (d)     has been substantially diminished in value; or

       (e)     has been commingled with other property which cannot be divided without

           difficulty;

9

it is the intent of the United States, to seek forfeiture of any other property of the defendant up to

the value of the property subject to forfeiture.

All pursuant to Title 21, United States Code, Section 853(o).

**A TRUE BILL:**

_____
**FOREPERSON**

**ZANE DAVID MEMEGER**
**United States Attorney**

10