IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------------X

**UNITED STATES OF AMERICA,**

v.

**JON J. LACKNER,**
                    Defendant.

-------------------------------------------------------------X

Criminal No. 09-CR-813 (PBT)

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Jon Lackner, by his attorney, Bruce A. Barket, respectfully submit the following proposed

jury instructions pursuant to Federal Rule of Criminal Procedure 30 and request leave to file any

supplemental instructions as may appear necessary and proper.

Dated: June 1, 2011
       Garden City, New York

Respectfully requested,

Bruce A. Barket, Esq.
QUADRINO & SCHWARTZ, P.C.
666 Old Country Road, 9th Fl.
Garden City NY, 11530
(516) 745-0101
(516) 745-0844 Fax

Attorney for Jon J. Lackner

# TABLE OF CONTENTS

**Instructions**                                                    **Page Number**

DEFENSE REQUEST NO. 1
    Role of Jury . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

DEFENSE REQUEST NO. 2
    Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

DEFENSE REQUEST NO. 3
    Direct and Circumstantial Evidence  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

DEFENSE REQUEST NO. 4
    Credibility of Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

DEFENSE REQUEST NO. 5
    Presumption of Innocence; Burden of Proof; Reasonable Doubt  . . . . . . . . . . . . . . . . . . . 9

DEFENSE REQUEST NO. 6
    Nature of the Indictment  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

DEFENSE REQUEST NO. 7
    On or About . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

DEFENSE REQUEST NO. 8
    Elements of the Offense(s) Charged  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

DEFENSE REQUEST NO. 9
    Separate Consideration – Single Defendant Charged with Multiple
    Offenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

DEFENSE REQUEST NO. 10
    Summaries – Not Admitted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

DEFENSE REQUEST NO. 11
    Chain of Custody . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

DEFENSE REQUEST NO. 12
    Eyewitness Identification of the Defendant . . . . . . . . . . . . . . . . . . . . . . . . . . 19

DEFENSE REQUEST NO. 13
    Missing Witness . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

DEFENSE REQUEST NO. 14
     Credibility of Witnesses – Law Enforcement Officer . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

DEFENSE REQUEST NO. 15
     Impeachment of Witness –  Prior Inconsistent Statement for Credibility
     Only . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

DEFENSE REQUEST NO. 16
     Defendant's Testimony . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

DEFENSE REQUEST NO. 17
     Prior Statement of Defendant – Single Defendant on Trial . . . . . . . . . . . . . . . . . . . . . . 26

DEFENSE REQUEST NO. 18
     Impeachment of Defendant - Prior Inconsistent Statement Taken in
     Violation of Miranda . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

DEFENSE REQUEST NO. 19
     Defendant's Character Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

DEFENSE REQUEST NO. 20
     Knowingly . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

DEFENSE REQUEST NO. 21
COUNT ONE
     Coercion and Enticement of a Minor to Engage in Sexual Activity,
     18 U.S.C. § 2422(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

DEFENSE REQUEST NO. 22
COUNT TWO
     Travel With Intent to Engage in Illicit Sexual Conduct, 18 U.S.C.
     § 2423(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

DEFENSE REQUEST NO. 23
COUNTS THREE, FOUR, AND FIVE (March 12, March 13, and March 15, 2009)
     Transfer of Obscene Materials to Minors, 18 U.S.C. § 1470 . . . . . . . . . . . . . . . . . . . . . 34

DEFENSE REQUEST NO. 24
COUNT SIX
     Sexual Exploitation of Children Producing Child Pornography,
     18 U.S.C. § 2251(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

DEFENSE REQUEST NO. 25
COUNT SEVEN
    Transporting or Shipping Material Involving Sexual Exploitation
    of Minors 18 U.S.C. § 2252(a)(4)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

DEFENSE REQUEST NO. 26
    Attempt . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

DEFENSE REQUEST NO. 27
    8.05    Entrapment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

DEFENSE REQUEST NO. 28
    Election of Foreperson; Unanimous Verdict; Do Not Consider
    Punishment; Duty to Deliberate; Communication with Court . . . . . . . . . . . . . . . . . . . . . 47

DEFENSE REQUEST NO. 29
    Verdict Form . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50

## DEFENSE REQUEST NO. 1

**Role of Jury**

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial. That is your job and yours alone. I play no part in finding the facts. You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts. My role now is to explain to you the legal principles that must guide you in your decisions. You must apply my instructions carefully. Each of the instructions is important, and you must apply all of them. You must not substitute or follow your own notion or opinion about what the law is or ought to be. You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. This is a responsibility that each of you has and that you cannot avoid.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

Third Circuit Model Criminal Jury Instruction, No. 3.01

1

## DEFENSE REQUEST NO. 2

**Evidence**

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1)     The testimony of the witnesses;

(2)     Documents and other things received as exhibits; and

(3)     Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

*((4)     Any facts that have been judicially noticed--that is, facts which I say you may accept as true even without other evidence.)*

The following are not evidence:

(1)     The indictment;

(2)     Statements and arguments of the lawyers for the parties in this case;

(3)     Questions by the lawyers and questions that I might have asked;

(4)     Objections by lawyers, including objections in which the lawyers stated facts;

(5)     Any testimony I struck or told you to disregard; and

(6)     Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience and common sense tells you that certain evidence reasonably leads to a

conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence. During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence. These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made. You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other. When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence. When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you.

It is your own recollection and interpretation of the evidence that controls your decision in this case.

Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

Third Circuit Model Criminal Jury Instruction, No. 3.02

## DEFENSE REQUEST NO. 3

**Direct and Circumstantial Evidence**

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts. A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or

5

circumstantial evidence.  It is for you to decide how much weight to give any evidence.

Third Circuit Model Criminal Jury Instruction, No. 3.03


*United States v. Soto*, 539 F.3d  191 (3d Cir. 2008 ); *United States v. Cartwright,* 359 F.3d 281, 287

(3d Cir.2004*); Woodson v. Scott Paper Co.*, 109 F.3d 913 (3d Cir. 1997); *United States v. Casper*,

956 F.2d 416 (3d Cir. 1992) ; *County Court v. Allen*, 442 U.S. 140 (1979).

## DEFENSE REQUEST NO. 4

**Credibility of Witnesses**

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1)     The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2)     The quality of the witness' knowledge, understanding, and memory;

(3)     The witness' appearance, behavior, and manner while testifying;

(4)     Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5)     Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6)     Whether the witness said or wrote anything before trial that was different

7

from the witness' testimony in court;

(7)   Whether the witness' testimony was consistent or inconsistent with other evidence that you believe; and

(8)   Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony.  Two or more persons witnessing an event may simply see or hear it differently.  Mistaken recollection, like failure to recall, is a common human experience.  In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail.  You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached.  You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented.  What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

Third Circuit Model Criminal Jury Instruction, No. 3.04

8

## DEFENSE REQUEST NO. 5

**Presumption of Innocence; Burden of Proof; Reasonable Doubt**

The defendant Jon Lackner pleaded not guilty to the offenses charged. Jon Lackner is presumed to be innocent. He started the trial with a clean slate, with no evidence against him. The presumption of innocence stays with Jon Lackner unless and until the government has presented evidence that overcomes that presumption by convincing you that Jon Lackner is guilty of the offenses charged beyond a reasonable doubt. The presumption of innocence requires that you find Jon Lackner not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The prosecution always has the burden or obligation to prove each and every element of the offenses charged beyond a reasonable doubt. The defendant Jon Lackner is presumed to be innocent of the charges. The law does not impose on Jon Lackner the burden of proving his innocence or of disproving any of the elements of the offenses charged.

In order for you to find Jon Lackner guilty of the offenses charged, the government must convince you that Jon Lackner is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of

9

importance in his or her own life.  It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense.  However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

Third Circuit Model Criminal Jury Instruction, No. 3.06

**DEFENSE REQUEST NO. 6**

**Nature of the Indictment**

As you know, the defendant Jon Lackner is charged in the indictment with violating federal law, specifically violating 18 U.S.C. § 2422(b)-Coercion and Enticement of a Minor to Engage in Sexual Activity,  18 U.S.C. § 2423(b)-Travel With Intent to Engage in Illicit Sexual Conduct, 18 U.S.C. § 1470-Transfer of Obscene Materials to Minors, 18 U.S.C. § 2251(a)-Sexual Exploitation of Children Producing Child Pornography, and violating 18 U.S.C. § 2252(a)(4)(B)-Transporting Material Involving Sexual Exploitation of Minors.

As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crimes the defendant is accused of committing.  An indictment is simply a description of the charges against a defendant.  It is an accusation only.  An indictment is not evidence of anything, and you should not give any weight to the fact that Jon Lackner has been indicted in making your decision in this case.

Third Circuit Model Criminal Jury Instruction, No. 3.07

## DEFENSE REQUEST NO. 7

**On or About**

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

Third Circuit Model Criminal Jury Instruction, No. 3.08

## DEFENSE REQUEST NO. 8

**Elements of the Offense(s) Charged**

The defendant Jon Lackner is charged in the indictment with committing the offense of Coercion and Enticement of a Minor to Engage in Sexual Activity. This offense has four essential elements, which are:

| | |
|---|---|
| First: | an individual knowingly persuaded, induced, enticed, and coerced a person he believed had not yet attained the age of 18 years to engage in sexual activity, as charged; |
| Second: | an individual used a computer to do so; |
| Third: | when an individual did these acts, "the person" as alleged in the indictment, was less than 18 years old; and |
| Four: | one or more of the individual(s) engaging in the sexual activity could have been charged with a criminal offense under the law of Pennsylvania. |

Jon Lackner is also charged with committing the offense of Travel With Intent to Engage in Illicit Sexual Conduct, the elements of that offense are:

| | |
|---|---|
| First: | an individual traveled in interstate commerce; |
| Second: | the individual traveled for the purpose of engaging in illicit sexual conduct. |

Jon Lackner is also charged with committing the offense Transfer of Obscene Materials to Minors, the elements of that offense are:

| | |
|---|---|
| First: | that an individual knowingly transferred the material as charged to the |

13

person listed;

Second:      that individual used a facility or means of interstate commerce to do

so;

Third:       hat individual knew at the time the general contents, character and

nature of the  material;

Fourth:      that the material was obscene; and

Fifth:       that at the time, the recipient was not yet sixteen years old and the

individual knew that  he/she was not yet sixteen years old.

Jon Lackner is also charged with Sexual Exploitation of Children Producing Child

Pornography, the elements of that offense are:

(1)    an actual minor, that is, a real person who was less than 18 years old, was

depicted;

(2)    the Defendant knowingly used, persuaded, induced, enticed and coerced the

minor to engage  in sexually  explicit  conduct  for the purpose of producing

a visual depiction, of the conduct.

Jon Lackner is also charged with Transporting or Shipping Material Involving Sexual

Exploitation of Minors, the elements of that offense are

1.     An individual

2.     Knowingly possessed or knowingly accessed with intent to view 1 or more

books, magazines, periodicals, films, video tapes, or other matter which

contain any visual depiction that has been transported using any means or

facility of interstate commerce or in or affecting interstate commerce, or

14

which was produced using materials which have been transported, by any

means including by computer, and

3.      the producing of such visual depiction involves the use of a minor engaging

in sexually explicit conduct; and

4.      such visual depiction is of such conduct.

In order to find Jon Lackner guilty of these  offenses, you must all find that the government

proved each of these elements beyond a reasonable doubt, as I will explain in more detail shortly.

Third Circuit Model Criminal Jury Instruction, No. 3.10

## DEFENSE REQUEST NO. 9

**Separate Consideration – Single Defendant Charged with Multiple Offenses**

The defendant Jon Lackner is charged with several offenses; each offense is charged in a separate count of the indictment.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way. You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense. For each offense charged, you must decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of that particular offense.

Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged. Each offense should be considered separately.

Third Circuit Model Criminal Jury Instruction, No. 3.12

16

**DEFENSE REQUEST NO. 10**

**Summaries – Not Admitted**

The government presented certain charts/summaries in order to help explain the facts disclosed by the internet communications which were admitted as evidence in the case.  The charts/summaries are not themselves evidence or proof of any facts.  If the charts/summaries do not correctly reflect the evidence in the case, you should disregard them and determine the facts from the underlying evidence.

Third Circuit Model Criminal Jury Instruction, No. 4.10

## DEFENSE REQUEST NO. 11

**Chain of Custody**

The defense has raised the issue of defects in the chain of custody of the defendant's computer.  You may consider any defects in determining the authenticity of this evidence and what weight to give it.  The government must prove beyond a reasonable doubt that the computer is the same as the computer alleged in the indictment.

Third Circuit Model Criminal Jury Instruction, No. 4.12

## DEFENSE REQUEST NO. 12

**Eyewitness Identification of the Defendant**

One of the most important issues in this case is whether Jon Lackner is the same person who committed the crimes charged in the indictment.  The government, as I have explained, has the burden of proving every element, including identity, beyond a reasonable doubt.  Although it is not essential that a witness testifying about the identification herself be free from doubt as to the accuracy or correctness of the identification, you must be satisfied beyond a reasonable doubt based on all the evidence in the case that Jon Lackner is the person who committed the crimes charged.  If you are not convinced beyond a reasonable doubt that Jon Lackner is the person who committed the crimes charged in the indictment, you must find Jon Lackner not guilty.

Identification testimony is, in essence, the expression of an opinion or belief by the witness.  The value of the identification depends on the witness' opportunity to observe the person who committed the crime at the time of the offense and the witness' ability to make a reliable identification at a later time based on those observations.

You must decide whether you believe the witness' testimony and whether you find beyond a reasonable doubt that the identification is correct.  You should evaluate the testimony of a witness who makes an identification in the same manner as you would any other witness.  In addition, as you evaluate a witness' identification testimony you should consider the following questions as well as any other questions you believe are important:

First:        you should ask whether the witness was able to observe and had an

adequate opportunity to observe the person who committed the crime

charged.  Many factors affect whether a witness has an adequate

19

opportunity to observe the person committing the crime; the factors
include the length of time during which the witness observed the
person, the distance between the witness and the person, the lighting
conditions, how closely the witness was paying attention to the
person, whether the witness was under stress while observing the
person who committed the crime, whether the witness knew the
person from some prior experience, whether the witness and the
person committing the crime were of different races, and any other
factors you regard as important.

Second:   you should ask whether the witness is positive in the identification
and whether the witness' testimony remained positive and unqualified
after cross-examination.  If the witness' identification testimony is
positive and unqualified, you should ask whether the witness'
certainty is well-founded.

Third:    you should ask whether the witness's identification of Jon Lackner
after the crime was committed was the product of the witness' own
recollection.  You may take into account both the strength of the later
identification and the circumstances under which that identification
was made.   You may wish to consider how much time passed
between the crime and the witness' later identification of the
defendant.   You may also consider whether the witness gave a
description of the person who committed the crime or how the

20

witness' description of the person who committed the crime compares to the defendant. If the identification was made under circumstances that may have influenced the witness, you should examine that identification with great care. Some circumstances which may influence a witness' identification are whether the witness made the identification while exposed to the suggestive influences of others; and whether the witness identified the defendant) in conditions that created the impression that he was involved in the crime.

Fourth:        you should ask whether the witness failed to identify Jon Lackner at any time, or changed his or her mind about the identification at any time.

If after examining all of the evidence, you have a reasonable doubt as to whether Jon Lackner is the individual who committed the crimes charged, you must find Jon Lackner not guilty.

Third Circuit Model Criminal Jury Instruction, No. 4.15

## DEFENSE REQUEST NO. 13

**Missing Witness**

You have heard evidence about [witness], who has not been called to testify.  The defense has argued that [witness]'s testimony could have been important to this case and that [witness] was available as a witness only to the government and not to the defense.

If you find that the government could have called [witness] as a witness and that [witness] would have given important new testimony, and you also find that [witness] was available as a witness only to the government and not to the defense and that the government failed to call [witness] , you are permitted, but you are not required, to infer that [witness] 's testimony would have been unfavorable to the government.

You must decide whether you believe that [witness] would have testified unfavorably to the government.  You should not draw such a conclusion if the witness was equally available to both parties or if the witness' testimony would have merely repeated the testimony of other witnesses or evidence already presented in the case.

Third Circuit Model Criminal Jury Instruction, No. 4.16

## DEFENSE REQUEST NO. 14

**Credibility of Witnesses – Law Enforcement Officer**

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that (his)(her) testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that (his)(her) testimony may be colored by a personal or professional interest in the outcome of the case.

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

Third Circuit Model Criminal Jury Instruction, No. 4.18; *see* Hon. Leonard Sand, John S. Siffert, Walter P. Loughlin, Steven A. Reiss & Nancy Batterman, Modern Federal Jury Instructions - Criminal Volumes (Matthew Bender 2003) [hereinafter, Sand et al., supra] , 7-16; Eighth Circuit § 2.02.

23

## DEFENSE REQUEST NO. 15

**Impeachment of Witness – Prior Inconsistent Statement for Credibility Only**

You have heard the testimony of certain witnesses. You have also heard that before this trial (they)(he)(she) made (statements)(a statement) that may be different from (their)(his)(her) testimony in this trial. It is up to you to determine whether (these statements were)(this statement was) made and whether (they were)(it was) different from the witness(es)' testimony in this trial. (These earlier statements were)(This earlier statement was) brought to your attention only to help you decide whether to believe the witness(es)' testimony here at trial. You cannot use it as proof of the truth of what the witness(es) said in the earlier statement(s). You can only use it as one way of evaluating the witness(es)' testimony in this trial.

You also heard evidence that (this witness)(certain witnesses) made statements before this trial that were made under oath, given before the grand jury and that may be different from (his)(her) testimony at trial. When a statement is made under oath, made before the grand jury, you may not only use it to help you decide whether you believe the witness' testimony in this trial but you may also use it as evidence of the truth of what the witness(es) said in the earlier statement(s). But when a statement is not made under oath, not given before the grand jury, you may use it only to help you decide whether you believe the witness' testimony in this trial and not as proof of the truth of what the witness(es) said in the earlier statement(s) .

Third Circuit Model Criminal Jury Instruction, No. 4.22

24

**DEFENSE REQUEST NO. 16**

**Defendant's Testimony**

In a criminal case, the defendant has a constitutional right not to testify.  However, if he chooses to testify, he) is, of course, permitted to take the witness stand on his own behalf.  In this case, Jon Lackner testified.  You should examine and evaluate his testimony just as you would the testimony of any witness.

Third Circuit Model Criminal Jury Instruction, No. 4.28

## DEFENSE REQUEST NO. 17

**Prior Statement of Defendant – Single Defendant on Trial**

The government introduced evidence that the defendant Jon Lackner made a statement to (name of person who took statement).  You must decide whether Jon Lackner did in fact make the statement.  If you find that Jon Lackner did make the statement, then you must decide what weight, if any, you feel the statement deserves.  In making this decision, you should consider all matters in evidence having to do with the statement, including those concerning Jon Lackner himself and the circumstances under which the statement was made.

If, after considering the evidence, you determine that a statement, was made voluntarily, you may give it such weight as you feel it deserves under the circumstances.  On the other hand, if you determine that the statement was not made voluntarily, you must disregard it.  In determining whether any alleged statement was made voluntarily, you should consider Jon Lackner 's age, training, education, occupation, and physical and mental condition, and his treatment while in custody or under interrogation as shown by the evidence in the case.  Also consider all other circumstances in evidence surrounding the making of the alleged statement.

Third Circuit Model Criminal Jury Instruction, No. 4.32

## DEFENSE REQUEST NO. 18

**Impeachment of Defendant - Prior Inconsistent Statement Taken in Violation of Miranda**

You will recall that the defendant, Jon Lackner testified during the trial on his own behalf. You will also recall that there was evidence that the defendant made certain statements before trial. Jon Lackner denied making these earlier statements. Jon Lackner's earlier statements were brought to your attention only to help you decide if you believe what Jon Lackner testified to here in court. If you find that Jon Lackner once said something different, then you should decide if what Jon Lackner said here in court was true. You must not, however, consider the earlier statements as evidence of the defendant's guilt. The government must use other evidence to prove, beyond a reasonable doubt, that the defendant committed the crime.

Third Circuit Model Criminal Jury Instruction, No. 4.37

27

## DEFENSE REQUEST NO. 19

**Defendant's Character Evidence**

You have heard reputation and opinion evidence about whether the defendant has a character trait for peacefulness, honesty, and being a law-abiding citizen.

You should consider this character evidence together with and in the same way as all the other evidence in the case in deciding whether the government has proved the charges  beyond a reasonable doubt.

Third Circuit Model Criminal Jury Instruction, No. 4.39

## DEFENSE REQUEST NO. 20

**Knowingly**

All of the offenses with the exception of count two charged in the indictment requires that the government prove that Jon Lackner acted "knowingly" / with knowledge with respect to certain elements of the offenses.  This means that the government must prove beyond a reasonable doubt that Jon Lackner was conscious and aware of the nature of his actions and of the surrounding facts and circumstances, as specified in the definition of the offenses charged.

In deciding whether Jon Lackner acted "knowingly" and with knowledge, you may consider evidence about what Jon Lackner said, what Jon Lackner  did and failed to do, how Jon Lackner acted, and all the other facts and circumstances shown by the evidence that may prove what was in Jon Lackner's mind at that time.

Third Circuit Model Criminal Jury Instruction, No. 5.02

## DEFENSE REQUEST NO. 21

**COUNT ONE**

**Coercion and Enticement of a Minor to Engage in Sexual Activity, 18 U.S.C. § 2422(b)**

It is a Federal crime for anyone, using any facility of interstate commerce including transmissions by computer on the Internet, to persuade, induce, entice, and (as per the indictment) coerce anyone under 18 years old to engage in any sexual activity for which any person could be charged with a criminal offense.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)    the Defendant knowingly persuaded, induced, enticed, and coerced a person he believed had not yet attained the age of 18 years to engage in sexual activity, as charged;

(2)    the Defendant used a computer to do so;

(3)    when the Defendant did these acts, "the person" as alleged in the indictment, was less than 18 years old; and

(4)    one or more of the individual(s) engaging in the sexual activity could have been charged with a criminal offense under the law of Pennsylvania.

So the Government must prove that one or more of the individuals engaging in the sexual activity could have been charged with a criminal offense under the laws of Pennsylvania.

As a matter of law I charge you that the following acts are crimes under Pennsylvania law. Specifically, Pennsylvania Criminal Code makes it a crime when a person engages in sexual

intercourse with a child under the age of sixteen years and that person is four or more years older than the person and are not married (18 Pa. C.S.A. § 3122.1).

      As used in this instruction, "induce" means to stimulate the occurrence of or to cause.

      The Internet is a  facility of interstate commerce.

**DEFENSE REQUEST NO. 22**

**COUNT TWO**

**Travel With Intent to Engage in Illicit Sexual Conduct, 18 U.S.C. § 2423(b)**

It is a Federal crime to knowingly travel in interstate commerce for the purpose of engaging in illicit sexual conduct.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)     the Defendant traveled in interstate commerce;

(2)     the Defendant traveled for the purpose of engaging in illicit sexual conduct.

For purposes of this offense, the term "illicit sexual conduct" means a sexual act with a person who is under 16 years of age and is at least four years younger than the defendant.

The term "sexual act" means:

- contact between the penis and the vulva, or the penis and the anus, involving penetration however slight; or

- contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; or

- the penetration – however slight – of another person's anal or genital opening by a hand, finger, or any object, with an intent to abuse, humiliate, harass, or degrade the person, or to arouse or gratify the sexual desire of the Defendant or any other person; or an intentional touching – not through the clothing – of the genitalia of a person younger than 16 years old, with the intent to abuse, humiliate, harass,

32

or degrade the person, or to arouse or gratify the sexual desire of the

Defendant or any other person.

The Government must show the intent to engage in illicit sexual conduct was one of the motives or purposes for the travel. In other words, the Government must show that the Defendant's criminal purpose was not merely incidental to the travel.

"Interstate or foreign commerce" is the movement or transportation of a person from one state to another state or from a place within the United States to a place outside the United States.

To meet the intent requirement the Government must prove that one of the defendant's motives was to engage in illicit sexual conduct. *United States v. Garcia-Lopez*, 234 F.3d 217, 220 (5th Cir. 2000).

## DEFENSE REQUEST NO. 23

**COUNTS THREE, FOUR, AND FIVE (March 12, March 13, and March 15, 2009)**

**Transfer of Obscene Materials to Minors, 18 U.S.C. § 1470**

Jon Lackner is charged with knowingly using a facility and means of interstate commerce to transfer obscene matter to someone under age sixteen. It is against federal law knowingly to transfer obscene matter to a person under age sixteen while knowing he/she is under age sixteen, by using a facility or means of interstate commerce. For you to find Jon Lackner guilty of this crime, you must be convinced that the government has proven each of these things beyond a reasonable doubt:

First:          that Jon Lackner knowingly transferred the material as charged to the person listed;

Second:      that Jon Lackner used a facility or means of interstate commerce to do so;

Third:         that Jon Lackner knew at the time the general contents, character and nature of the material;

Fourth:      that the material was obscene; and

Fifth:          that at the time, the recipient was not yet sixteen years old and Jon Lackner knew that he/she was not yet sixteen years old.

"Knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident.

"Interstate commerce" includes commerce between one state, territory, possession, or the District of Columbia and another state, territory, possession and the District of Columbia.

"Foreign commerce" includes commerce with a foreign country.

34

Material is "obscene" when:

- the average person, applying contemporary community standards, would find that the  material, taken as a whole, appeals to a degrading, unhealthy or morbid interest in sex as distinguished from normal, healthy sexual desires;

- the average person, applying contemporary community standards, would find that the material depicts or describes ultimate sexual acts, excretory functions, masturbation or lewd exhibition of the genitals in a patently offensive way; and

- a reasonable person would find that the material, taken as a whole, lacks serious literary, artistic, political or scientific value.

All three characteristics of this test must be present in the particular listed material for it to be found  to be obscene.

The first test to be applied, in determining whether material is obscene, is whether the predominant theme or purpose of the picture, when viewed as a whole and not part by part, and when considered in relation to the intended and probable recipients, is an appeal to the prurient interest of the average person of the community as a whole or the prurient interest of members of a deviant sexual group at the time of the transferring of the materials (*Pinkus v. United States*, 436 U.S. 293, 297 (1978); *Hamling  v. United States*, 418 U.S. 87, 123 (1974).

Federal Judicial Center, Pattern Criminal Jury  Instructions Nos. 87-89 (1987); Miller v. California, 413 U.S. 15, 24  (1973); Smith v. United States, 431 U.S. 291, 304 (1977);  Jenkins v. Georgia, 418 U.S. 153, 157 (1974).

35

## DEFENSE REQUEST NO. 24

**COUNT SIX**

**Sexual Exploitation of Children Producing Child Pornography, 18 U.S.C. § 2251(a)**

It is a Federal crime for any person to use, persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct if the visual depiction was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer and that the use substantially affected interstate commerce.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)      an actual minor, that is, a real person who was less than 18 years old, was depicted; and that

(2)      the Defendant knowingly used, persuaded, induced, enticed and coerced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction, of the conduct;

(3)      that the defendant knew or had reason to know that such visual depiction would be transported in interstate commerce or mailed; or

(4)      that said visual depictions were produced using materials that had been mailed, shipped, or transported in interstate commerce by any means, including by computer and that the use substantially affected interstate commerce; or

(5)      said visual depictions were actually transported in interstate

36

commerce.

In order to find the defendant guilty, you must find that his purpose in using, persuading, inducing, enticing, or coercing was to produce a visual depiction.

The term "producing" means producing, directing, manufacturing, issuing, publishing, or advertising.

In order to find the defendant guilty of this charge, you must also find that the defendant knew or had reason to know that the visual depiction would be transported in interstate commerce and, that the visual depictions were actually transported in interstate commerce.

The term "interstate or foreign commerce" means the movement of a person or property from one state to another state or from one state to another country. The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high-speed data-processing device performing logical, arithmetic, or storage functions, and includes any data-storage facility or communications facility directly related to or operating in conjunction with that device, but the term does not include an automated typewriter or typesetter, a portable hand-held calculator, or similar devices that are limited in function to only word-processing or mathematical calculations.

The term "visual depiction" includes undeveloped film and videotape, and data stored on a computer disk or by any other electronic means that can be converted into a visual image.

The term "sexually explicit conduct" means actual or simulated:

37

A.   sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

B.   bestiality;

C.   masturbation;

D.   sadistic or masochistic abuse; or

E.   lascivious exhibition of the genitals or pubic area of any person.

"Lascivious exhibition" means indecent exposure of the genitals or pubic are a, usually to incite lust. Not every exposure is a lascivious exhibition.  To decide whether a visual depiction is a lascivious exhibition, you must consider the context and setting in which the genitalia or pubic area is being displayed.

Definition of the relevant terms is taken from 18 U.S.C. § 2256.

Eleventh Circuit Pattern Jury Instructions, 2010

38

**DEFENSE REQUEST NO. 25**

**COUNT SEVEN**

**Transporting or Shipping Material Involving Sexual Exploitation of Minors 18 U.S.C. § 2252(a)(4)(B)**

The defendant can be found guilty only if the following facts are proven beyond a reasonable doubt, that,

1.      The defendant Jon Lackner

2.      Knowingly possessed or knowingly accessed with intent to view 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been transported using any means or facility of interstate or commerce or in or substantially affecting interstate commerce, or which was produced using materials which have been transported, by any means including by computer, and

3.      the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

4.      such visual depiction is of such conduct.

18 USC § 2252(a)(4)(B).

It's a Federal crime to knowingly transport in interstate commerce by any means including by computer any visual depiction produced by using a minor engaging in sexually explicit conduct and depicting the conduct.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

39

(1)     the Defendant knowingly transported a visual depiction in interstate commerce by any means including by computer;

(2)     producing the visual depiction involved using a minor engaged in sexually explicit conduct;

(3)     the depiction shows a minor engaged in sexually explicit conduct; and

(4)     the Defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

The government must show not only that the individual received the material, but that he did so believing that the material was sexually explicit in nature and that it depicted a person who appeared to him to be, or that he anticipated would be, under 18 years of age).

As I have previously explained, the term "interstate or commerce" is the movement of property between those located in different states or between those located in the United States and those located outside of the United States.

The term "State" means a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

The term "computer" includes any high-speed data-processing device that can perform logical, arithmetic, or storage functions, including any data storage facility or communications facility that is directly related to or operates in conjunction with the device. It doesn't include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device that is limited in function to only word-processing or mathematical calculations.

40

The term "sexually explicit conduct" means actual or simulated:

A.     sexual intercourse, including genital-genital, oral-genital, anal genital, or oral-anal contact, whether between persons of the same or opposite sex;

B.     bestiality;

C.     masturbation;

D.     sadistic or masochistic abuse; or

E.     lascivious exhibition of the genitals or pubic area of any person.

"Lascivious exhibition" means indecent exposure of the genitals or pubic area, usually to incite lust. Not every exposure is a lascivious exhibition.

To decide whether a visual depiction is a lascivious exhibition, you must consider the context and setting in which the genitalia or pubic area is being displayed. Factors you may consider include:

A.     the overall content of the material;

B.     whether the focal point of the visual depiction is on the minor's genitalia or pubic area;

C.     whether the setting of the depiction appears to be sexually inviting or suggestive – for example, in a location or in a pose associated with sexual activity;

D.     whether the minor appears to be displayed in an unnatural pose or in inappropriate attire;

E.     whether the minor is partially clothed or nude;

F.     whether the depiction appears to convey sexual coyness or an

41

apparent willingness to engage in sexual activity; and

G.    whether the depiction appears to have been designed to elicit a sexual

response in the viewer.

A visual depiction need not have all these factors to be a lascivious exhibition.

The term "visual depiction" includes undeveloped film and videotape, and data stored on computer media or by other electronic means that can be converted into a visual image.

A "minor" is any person younger than 18 years old.

18 U.S.C. § 2252(a)(4)(B); *United States v. Dost*, 636 F.Supp. 828, 832 (S.D. Ca. 1986); *United States v. Smith*, 459 F.3d 1276, 1296 n.17 (11th Cir. 2006); *United States v. Williams*, 444 F.3d 1286, 1299 (11th Cir. 2006), *rev'd on other grounds*, 553 U.S. 285, 128 S. Ct. 1830 (2008).

## DEFENSE REQUEST NO. 26

**Attempt**

Jon Lackner is charged with attempt to commit the crime of Transfer of Obscene Materials to Minors.  An attempt to  Transfer of Obscene Materials to Minors is a federal crime even though the defendant did not actually complete the crime of  Transfer of Obscene Materials to Minors.

In order to find Jon Lackner guilty of attempt to  Transfer of Obscene Materials to Minors, you must find that the government proved beyond a reasonable doubt each of the following two (2) elements:

First:          That Jon Lackner intended to commit the crime of  Transfer of Obscene Materials to Minors, *(as I have defined that offense)*; and

Second:          That Jon Lackner performed an act*(s)* constituting a substantial step*(s)* toward the commission of Transfer of Obscene Materials to Minors which strongly corroborates or confirms that Jon Lackner intended to commit that crime.

With respect to the first element of attempt, you may not find Jon Lackner guilty of attempt to commit Transfer of Obscene Materials to Minors merely because he thought about it.  You must find that the evidence proved beyond a reasonable doubt that Jon Lackner's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find Jon Lackner's guilty of attempt to commit  Transfer of Obscene Materials to Minors merely because he made some plans to or some preparation for committing that crime.  Instead, you must find that Jon Lackner took some firm, clear, undeniable action to accomplish his intent to commit Transfer of Obscene Materials to Minors.

43

However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

Third Circuit Model Criminal Jury Instruction, No. 7.01

## DEFENSE REQUEST NO. 27

**Entrapment**

Jon Lackner has raised as a defense that he was entrapped by an agent of the government to commit the offenses charged in the indictment.  A defendant may not be convicted of a crime if he or she was entrapped by the government to do the acts charged.  The government is permitted to use undercover agents, deception, and other means of providing opportunities for an unwary criminally-minded person to commit a crime, but the law does not permit the government to induce an unwary innocent person into committing a criminal offense.

The defense of entrapment includes two inquiries:

First:        Did the government induce Jon Lackner to commit the offense?

Second:        Was Jon Lackner  predisposed, that is, ready and willing to the commit the offense before he was first approached by the government?

It is the government's burden to prove beyond a reasonable doubt that Jon Lackner was not entrapped; it is not Jon Lackner's  burden to prove that he was entrapped.  Thus, you may find Jon Lackner guilty of the offense charged in the indictment only if you find that, in addition to proving the elements of that offenses, the government also proved beyond a reasonable doubt either (1) that the government did not induce the commission of the offenses; or (2) that Jon Lackner was predisposed, meaning that Jon Lackner was ready and willing to commit the offense before the government agents first approached him about the crime.

You should first consider whether there is any evidence that the government induced Jon Lackner to commit the offense.  Government actions that could amount to inducement include

45

persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy, or friendship. The government does not induce a person to commit an offense if the government merely approaches that person, or solicits, requests, or suggests that he or she commit the offense, or affords an opportunity or facilities to commit the offense. If you find that the government proved beyond a reasonable doubt that it did not induce Jon Lackner to commit the offense, then you should find that there was no entrapment and you need not consider this defense any further.

However, if you do have a reasonable doubt about whether the government proved that it did not induce Jon Lackner to commit the offenses, then you must decide whether the government proved beyond a reasonable doubt that Jon Lackner was predisposed – that is, that Jon Lackner was ready and willing to commit the offense before the government first approached him about it. In deciding this question, you should consider all the evidence, including any evidence about whether the government initially suggested the criminal activity; the nature of the government's inducement or persuasion; whether Jon Lackner had already formed an intent or design to commit the offense charged; whether Jon Lackner was engaged in an existing course of criminal conduct similar to the offense charged; whether Jon Lackner was engaged in criminal activity for profit; and whether Jon Lackner showed a willingness to commit the offense or showed any reluctance that was overcome by repeated government inducement or persuasion. If, after considering all the evidence, you have a reasonable doubt that Jon Lackner would have committed the offense charged without the government's inducement, you should find the defendant not guilty.

Third Circuit Model Criminal Jury Instruction, No. 8.05

## DEFENSE REQUEST NO. 28

**Election of Foreperson; Unanimous Verdict; Do Not Consider Punishment; Duty to Deliberate; Communication with Court**

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offenses charged. Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

First:      The first thing that you should do in the jury room is choose someone to be your foreperson. This person will speak for the jury here in court. He or she will also preside over your discussions. However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

Second:    I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous. To find Jon Lackner guilty of an offense, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves each element of that offense beyond a reasonable doubt. To find Jon Lackner not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Third:     If you decide that the government has proved Jon Lackner guilty, then it will be my responsibility to decide what the appropriate punishment should be. You should never consider the possible punishment in reaching your verdict.

47

Fourth:     As I have said before, your verdict must be based only on the evidence received in this case and the law I have given to you. You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be. What the verdict should be is the exclusive responsibility of the jury.

Fifth:     Now that all the evidence is in, the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.  But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.  Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  You should all feel free to speak your minds.

*[Remember, if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.]*

Sixth:     Once you start deliberating, do not talk about the case to the court officials, or to me, or to anyone else except each other. If you have any questions or messages, your foreperson should write them down on a piece of paper, sign them, and then give them to the court official who will give them to me. I will first talk to the lawyers about what you have asked, and I will respond as soon as I can. In the meantime, if possible, continue with your deliberations on some other subject.

If you want to see any of the exhibits that were admitted in evidence, you may send me a message and, if I can legally do so, I will have those exhibits provided to you.

One more thing about messages. Do not ever write down or tell anyone how you or any one else voted. That should stay secret until you have finished your deliberations. If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on any offenses.

Third Circuit Model Criminal Jury Instruction, No. 3.16

49

## DEFENSE REQUEST NO. 29

**Verdict Form**

A verdict form has been prepared that you should use to record your verdicts.

Take this form with you to the jury room.   When you have reached your unanimous verdict*(s)*, the foreperson should write the verdicts on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me.   If you decide that the government has proved Jon Lackner guilty of any or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.   If you decide that the government has not proved Jon Lackner guilty of some or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.

Third Circuit Model Criminal Jury Instruction, No. 3.16

## TABLE OF AUTHORITIES

**Cases**                                                                     **Page(s)**

County Court v. Allen,
     442 U.S. 140 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Hamling  v. United States,
     418 U.S. 87 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Jenkins v. Georgia,
     418 U.S. 153 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Miller v. California,
     413 U.S. 15, 24  (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Pinkus v. United States,
     436 U.S. 293 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Smith v. United States,
     431 U.S. 291 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

United States v. Cartwright,
     359 F.3d 281 (3d Cir.2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

United States v. Casper,
     956 F.2d 416 (3d Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

United States v. Dost,
     636 F.Supp. 828 (S.D. Ca. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

United States v. Garcia-Lopez,
     234 F.3d 217 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

United States v. Smith,
     459 F.3d 1276 n.17 (11th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

United States v. Soto,
     539 F.3d 191 (3d Cir.2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

United States v. Williams,
     444 F.3d 1286 (11th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

Woodson v. Scott Paper Co.,
     109 F.3d 913 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

-----------------------------------------------------------X

**UNITED STATES OF AMERICA,**                  :        Criminal No. 09-CR-813 (PBT)

                                                                   :

                    v.                                         :

        :

**JON J. LACKNER,**                                     :

                    Defendant                          :

-----------------------------------------------------------X

### CERTIFICATION OF SERVICE

I certify that on June 1, 2011, I served a true and correct copy of the Defendant's Proposed

Jury Instructions have been filed electronically with the Clerk of Court through the CM/ECF system

and a copy served this date by email upon the following:

> Jessica Natali, Esq.
> United States Attorney's Office
> Eastern District of Pennsylvania
> 615 Chestnut Street, Suite 1250
> Philadelphia, PA 19106
> **Jessica.Natali@USDOJ.GOV**

Bruce A. Barket