IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------X

UNITED STATES OF AMERICA,      :     Criminal No. 09-CR-813 (PBT)

:

       v.          :     **MOTION IN LIMINE**

:

JON J. LACKNER,          :

            Defendant        :

---------------------------------------------------------------X

The defendant, Jon Lackner, by his attorney, Bruce A. Barket, moves this court for a

determination, *in limine*, under Federal Rules of Evidence 104 (a) and (b) and 403, to exclude

handcuffs or testimony of the handcuffs from being admitting into evidence.

The defendant's reasons are set forth in the attached memorandum.

Dated: June 1, 2011
       Garden City, New York

                          Respectfully requested,

                          Bruce A. Barket, Esq.
                          QUADRINO & SCHWARTZ, P.C.
                          666 Old Country Road, 9th Fl.
                          Garden City NY, 11530
                          (516) 745-0101
                          (516) 745-0844 Fax

                          Attorney for Jon J. Lackner

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA           :

     v.                              :           CRIMINAL NO. 09 – 813 -PBT

JON J. LACKNER                     :

## MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE

The defense respectfully requests that, pursuant to Federal Rules of Evidence, 104 (a) and (b), and 403, the Court exercise its discretion and exclude the Government from admitting into evidence handcuffs or testimony of the handcuffs which were located in the defendant's gym bag and seized from his vehicle by the Government.  The handcuffs are not the subject of any allegations and are not necessary to establish any elements of the offenses.  Additionally, there is no contention that the defendant used the handcuffs or spoke of using the handcuffs.  The handcuffs are not relevant to any of the allegations, they are devoid of any probative value regarding the facts and circumstances of the case before this Court.  Admitting the handcuffs into evidence will simply prejudice the jury and allow for any unfair inference that the defendant was in some way planning on using the handcuffs when there is no evidence of this conduct.

Admitting the handcuffs into evidence will mislead the jury and prevent the jury from accurately focusing on the elements of the charges contained in the indictment (*See*, FRE Rule 403).

As stated in counsel's previous motion and equally applicable here, "unfair prejudice speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged...[and]  means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." (*Old Chief v. U.S.* 519 U.S. 172, 180, 117 S.Ct. 644, 650 [1997])(internal cites and quotations omitted).

1

Here, the evidence is not helpful to prove that the defendant attempted to entice a minor (count 1), nor to prove that the defendant traveled interstate for the purpose of engaging in illicit sexual conduct with another person (count 2), nor to prove that the defendant used a computer and the internet to attempt to transfer obscene material (counts 3, 4, and 5), nor to prove that the defendant enticed a minor to engage in explicit conduct for the purpose of producing a visual depiction of that conduct (count 6), nor to prove that the defendant possessed a computer which contained a visual depiction of a minor engaged in sexually explicit conduct and the depiction was produced using material that had been transported in interstate commerce (count 7) (*cf. United States v. Zawada*, 552 F.3d 531 [7th Cir. 2008]).

Accordingly, defendant requests that this Court preclude the government from introducing the handcuffs, any evidence of the handcuffs and any testimony regarding the handcuffs.


Dated: June 1, 2011
      Garden City, New York

                                      Respectfully requested,



                                       Bruce A. Barket, Esq.
                                       QUADRINO & SCHWARTZ, P.C.
                                       666 Old Country Road, 9th Fl.
                                       Garden City NY, 11530
                                       (516) 745-0101
                                       (516) 745-0844 Fax

                                       Attorney for Jon J. Lackner

2

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------------X

**UNITED STATES OF AMERICA,**               :        Criminal No. 09-CR-813 (PBT)

                                            :

v.                                          :        **ORDER**

                                            :

**JON J. LACKNER,**                          :
                    Defendant                :
-------------------------------------------------------------X

AND NOW, this _____ day of June, 2011, upon consideration of Defendant's Motion in

Limine made pursuant to Federal Rules of Evidence 104 (a) and (b) and 403 the Court

determines that handcuffs or testimony of the handcuffs shall be excluded from being admitting

into evidence.


                                            _____
                                            HONORABLE PETRESE B. TUCKER
                                            United States District Judge

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------X

**UNITED STATES OF AMERICA,**                    :          Criminal No. 09-CR-813 (PBT)

                                                 :

                    v.                           :

                                                 :

**JON J. LACKNER,**                              :

                    Defendant                    :

---------------------------------------------------------------X

## CERTIFICATION OF SERVICE

I certify that on June 1, 2011, I served a true and correct copy of the Notice of Motion In

Limine to Exclude Evidence and Memorandum of Law In Support have been filed electronically

with the Clerk of Court through the CM/ECF system and a copy served this date by email upon

the following:

> Jessica Natali, Esq.
> United States Attorney's Office
> Eastern District of Pennsylvania
> 615 Chestnut Street, Suite 1250
> Philadelphia, PA 19106
> Jessica.Natali@USDOJ.GOV

Bruce A. Barket