IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

```
--------------------------------------------------------X
UNITED STATES OF AMERICA,              :      Criminal No. 09-CR-813 (PBT)
                                       :
                 v.                    :           ORDER
                                       :
JON J. LACKNER,                        :
                 Defendant             :
--------------------------------------------------------X
```

AND NOW, this _____ day of June, 2011, upon consideration of Defendant's Motion in

Limine made pursuant to Federal Rules of Evidence 104 (a) and (b) and 403 the Court determines that

inquiry on cross examination about specific instances of prior conduct shall be precluded.


_____
HONORABLE PETRESE B. TUCKER
United States District Judge

11

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

```
---------------------------------------------------------X
UNITED STATES OF AMERICA,               :        Criminal No. 09-CR-813 (PBT)
                                        :
            v.                          :        MOTION IN LIMINE
                                        :
JON J. LACKNER,                         :
                  Defendant             :
---------------------------------------------------------X
```

The defendant, Jon Lackner, by his attorney, Bruce A. Barket, moves this court for a determination, *in limine*, under Federal Rules of Evidence 104 (a) and (b) and 403, to preclude inquiry on cross examination about specific instances of prior conduct.

The defendant's reasons are set forth in the attached memorandum.

Dated: June 13, 2011
      Garden City, New York

                          Respectfully requested,

                          _____/s/ Bruce Barket_____
                          Bruce A. Barket, Esq.
                          QUADRINO & SCHWARTZ, P.C.
                          666 Old Country Road, 9th Fl.
                          Garden City NY, 11530
                          (516) 745-0101
                          (516) 745-0844 Fax

                          Attorney for Jon J. Lackner

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :

        v.          :          CRIMINAL NO. 09 – 813 -PBT

JON J. LACKNER          :

## MOTION IN LIMINE AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PRECLUDE INQUIRY ON CROSS EXAMINATION ABOUT SPECIFIC INSTANCES OF PRIOR CONDUCT

The defense respectfully requests that this Court exercise its discretion under Federal Rules of Evidence 608(b) and 403 and preclude the government from cross-examining the defendant regarding internet "chats" the defendant had with eight individuals and precluding the government from cross-examining the defendant regarding the acts underlying the defendant's pending criminal charges, as none of these acts bears on the defendant's truthfulness or untruthfulness.

FRE 608(b) provides in pertinent part that "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness ... may not be proved by extrinsic evidence. They may, however, in the discretion of the court, *if probative of truthfulness or untruthfulness*, be inquired into on cross-examination of the witness (1) *concerning the witness' character for truthfulness or untruthfulness*, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified." (Fed. R. Evid. 608)(emphasis added). "Rule 608(b) is intended to be restrictive....The rule does not authorize inquiry on cross-examination into instances of conduct that do not actually indicate a lack of truthfulness." *United States v. Nelson*, 365 F. Supp. 2d 381, 386 [S.D.N.Y. 2005] *citing* Weinstein & Berger, § 608.22[2][c][i].

"The character of the previous conduct, the importance of the testimony, and the probable effect on the jury if the misconduct is divulged are all factors a judge must consider in deciding whether to

2

allow inquiry about past conduct." *United States v. Burch*, 48 F.Supp. 2d 453 [D.N.J. 1999] citing 6 *Weinstein's Federal Evidence* § 608.12[7][c] (citations and footnotes omitted). A Court's inquiry under Rule 608(b) is read with the analysis required by Rule 403 regarding relevance and prejudice. *Id.*, citing *United States v. Bocra*,  623 F.2d 281 [3rd Cir. 1980] (stating that "Rule 608(b) is meant to tie into Rule 403 ... "). Here, inquiry into the defendant's prior uncharged acts and acts underlying his pending criminal charges has no probative value. Permitting the government to cross-examine on these issues will result in unfair prejudice to the defendant in violation of Rule 403 (Fed.R. Evid. 403), and would allow the government to make an end run by innuendo around the strict preclusion of propensity evidence embodied in Rule 404(b).

Importantly, here the defendant is not and will not be contesting the fact that he engaged in the chats which are the subject of the charges pending before this Court. "District courts should generally deem prior bad acts evidence inadmissible to prove an issue that the defendant makes clear he is not contesting. The relevance of the prior bad acts evidence will be minimal in most such cases, since the evidence will not bear on the issues being contested. And the undue prejudice will be quite high, since prior bad acts evidence tends to be quite persuasive" (*United States v. Ivins*, 2010 WL 2635799 [E.D. PA. 2010]).

Preclusion of Cross Examination About Internet Chats

The internet conversations which the government may seek to inquire about on cross-examination of  the defendant  have no bearing on the defendant's truthfulness or untruthfulness. The government's attempt to use this information is an attempt to put before the jury prejudicial evidence implying a propensity to commit the pending charges.

Importantly, there is no credible evidence that the individuals with whom the defendant was

chatting were not of the age of consent, rendering them useless even if propensity evidence were
admissible. These chats lack any indicia of reliability, they are mere chatter, in a chat room, with no
basis to determine what, if any, of the contents of these conversations are truthful. The government, in
order to introduce this evidence would be required to bring in the individual with whom the defendant
was chatting, and clearly this testimony would equally be irrelevant. The key aspect for 608(b)
purposes is that whether the defendant had these chats or did not have these chats is irrelevant and does
not bear upon the defendant's truthfulness or untruthfulness. It cannot therefore be explored on cross-
examination in an effort to impeach his credibility.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of
consequence to the determination of the action more probable or less probable than it would be without
the evidence." *United States v. Lewis*, 2009 WL 1307458 [W.D. PA 2009] quoting Fed.R.Evid. 401.
Rule 402 provides that "[a]ll relevant evidence is admissible, except as otherwise provided by the
Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the
Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." *Id.*
quoting Fed.R.Evid. 402. Importantly, "inquiries of relevance and proper purpose are intimately
intertwined. Evidence that is not relevant, by definition, cannot be offered for a proper purpose, and
evidence that may be relevant for some purposes may be irrelevant for the purpose for which it is
offered." *Id.* quoting *United States v. Morley*, 199 F.3d 129 [3rd Cir. 1999]. "A trial judge [ ... ] may
exclude logically relevant other crimes evidence if its probative value is substantially outweighed by
the risk of undue prejudice. In making this determination, the trial judge must appraise the genuine
need for the challenged evidence and balance that necessity against the risk that the information will
influence the jury to convict on improper grounds." *Id.* quoting *United States v. Scarfo*, 850 f.2d 1015
[3rd Cir. 1988] citing *United States v. Cook*, 538 F.2d 1000 [3rd Cir. 1976].

Furthermore, the chats date back some five or six years ago. While remoteness alone is not enough to preclude inquiry into evidence under 608(b) and 403, it can reduce the probative value of evidence. *United States v. Jackson*, 882 F.2d 1444, 1448 (9th Cir.1989). Taken in the context of the thousands upon thousands of chats with adult women, these extremely few isolated out-of-character chats from years ago certainly cannot fairly be said to be useful to the jury in determining whether or not the defendant is a truthful man. All their mention will do is unfairly sneak in utterly unreliable, but psychologically powerful  innuendo as to propensity.

The question which will be presented to this jury is the belief of this defendant in regard to the charges contained in the indictment.  Admission of the defendant's prior chats are irrelevant to all of the elements of all of the charges in the indictment, and reveal nothing about the truthfulness of anything he will testify to.  Count One alleges that the defendant knowingly attempted to persuade or induce a person he believed had not yet attained the age of 18 years to engage in sexual activity for which a person could be charged with a criminal offense.  There is no credible evidence that the individuals who were chatting with the defendant were not of the age of 18 and were not pretending to be a different age.  Even if the government could somehow present credible evidence proving the actual age of the individuals, this evidence is still not indicative of the defendant's truthfulness or untruthfulness, it only goes at most to show propensity which clearly is prejudicial and is specifically forbidden by Rule 404(b). Finally, and importantly, none of the previous chats involve any evidence of an inducement, enticement, or an attempt to persuade the individual to engage in sexual activity; they are mere chats. Therefore, they are not and could not be material to any of the charged offenses. The massive prejudice that would result from showing the defendant to be of bad character would therefore be balanced by absolutely nothing of probative value.

Count Two charges the defendant with traveling interstate for the purpose of engaging in illicit sexual conduct with another person.  Equally, none of the chats involve any evidence of the defendant traveling to engage in illicit sexual conduct. Again, there would merely be massive prejudice to the defendant, with no gain in useful or relevant knowledge to the fact finders.

Counts Three, Four and Five, charge the defendant with knowingly using the computer and the internet to knowingly attempt to transfer obscene matter to another individual who had not yet attained the age of 16 years, knowing that the other individual had not attained the age of 16 years.  Again, there is absolutely no evidence derived from the previous chats which show that the defendant used the computer and internet to knowingly transfer obscene matter to another individual and there is no credible evidence that the individuals who were chatting with the defendant were not of the age of 16.

Exploration on cross examination of these chats is impermissible as they are not at all relevant to any of the elements or allegations before this Court (*see Lewis*, 2009 WL at 1307458).  Further, they could only be inquired about on cross examination if they had the ability to throw any light on whether the defendant is truthful or not truthful. This of course, they cannot even slightly do. To allow the government to confront the defendant with these chats would be extremely prejudicial and would deny the defendant a fair trial.

<u>Preclusion of Other Pending Criminal Charges</u>

Equally prejudicial would be the cross-examination of the defendant about his pending criminal charges. "[C]harges without more are not admissible impeachment evidence. [They are] a collateral matter of a highly prejudicial nature which could potentially have effect upon [a] pending trial[]." *United States v. Kirk*, 496 F.2d 947, 950 (8th Cir. 1974) In *United States v. Burch*, the court noted that in one of its prior decisions "the interrelatedness" of the impeachment evidence (check kiting scheme) and the crime charged (bank fraud) resulted in a finding that the impeachment evidence would be

6

"highly prejudicial to the defendant" *United States v. Burch*, 48 F.Supp. 2d 453 [D.N.J. 1999]. Finding that, "[a]t issue was the concern that the jury would consider the impeachment evidence as substantive proof of the defendant's criminal propensities, rather than considering the evidence solely as impeachment evidence of his character for truthfulness" *Id.* Similarly, in *Berry v. Oswalt*, 143 F.3d 1127 (8th Cir. 1998), the Eighth Circuit found an abuse of discretion, where the trial court allowed a corrections officer being sued for rape by an inmate was allowed to be cross examined about other uncharged sexual misconduct toward other inmates by way of impeachment.[1]

"A party's Rule 608(b) 'inquiry into specific conduct of the witness for impeachment purposes is quite limited[,]' constrained to the issue of truthfulness". *Burch, supra,* citing *Bocra*, 623 F.2d at 288 (discussing the Advisory Committee note to Rule 608(b)). Where evidence is minimally probative of the defendant's character for truthfulness and is highly prejudicial, courts have declined to admit the evidence *Id.*

Rule 608(b) is construed to mean that the conduct explored on cross examination, in and of itself, entirely apart from whether it contradicts what a defendant claimed on direct, by its nature, bears directly on truthfulness, is a *"crimen falsi"*. Only such matters as perjury, subornation of perjury, false statement, embezzlement, false pretenses may be inquired into on cross-examination, because they are *crimen falsi. See, United States v. Kirk*, 496 F.2d 947 [8th Cir. 1974]; *see also United States v. Dennis,* 625 F.2d 782, 798 [8th Cir. 1980] (civil tax problems not *crimen falsi*, cannot be inquired into on cross-examination); *United States v. Simonelli*, 237 F.3d 19, 23 [1st Cir. 2001] (question whether bribery was a crime "going to untruthfulness" for purpose of impeachment on cross-examination); *United States v. Flaharty*, 295 F.3d 182 [2d Cir. 2002] (stating that "[m]urder generally is not a crime

---

1   The trial court also permitted the introduction of testimony as to that misconduct. The decision is equivocal as to whether allowing him to be questioned was already, standing alone, an abuse of discretion, or whether it only descended to that level when the court then allowed other inmates to testify that he'd raped them. Regardless, it is clear that both were impermissible.

of dishonesty"); *United States v. Turcotte,* 515 F.2d 145, 151 (2d. Cir.) (affirming, before the effective date of the Federal Rules of Evidence, the trial court's preclusion of cross-examination on a prior conviction for "atrocious assault" in part because it "did not relate to [witness]'s truthfulness[.]"), *aff'd,* 423 U.S. 1032, 96 S.Ct. 564, 46 L.Ed.2d 406 [1975]; Weinstein's Evid. Man. § 12.03[3][a] (stating that "[a]cts such as forgery, perjury, and fraud are probative of untruthfulness, and are presumed admissible" under Fed.R.Evid. 608(b).

The acts underlying the pending criminal charges are not probative of defendant's character for truthfulness or untruthfulness and introduction of such evidence will only result in unfair prejudice. The pending allegations are "inter-related" to the charges pending before this Court and thus there is an extreme likelihood that a conviction will result based upon the jury's finding that the defendant has a propensity to commit the charged acts. S*ee, Burch, supra,* 48 F. Supp. 2d at 453. This is true despite the fact that the acts underlying the pending charges do not implicate the same elements as the charged offenses, and do not inherently reveal a criminal mens rea which would bear on the elements of any of the charged conduct at bar. It is certain to unjustly prejudice him in front of a lay jury which will find propensity from it.

Significantly, the defendant will be forced to assert his Fifth Amendment right before this jury which will only result in further unfair prejudice. Because of the circumstances of this case, where the prosecutor knows in advance that the defendant will be forced to rely on his Fifth Amendment rights if a pending criminal case is inquired into on cross examination, the prejudice will rise to the level of a due process violation:

> A witness' invocation of his fifth amendment privilege may deny a defendant due process of law when the prosecutor commits misconduct by making a conscious and flagrant attempt to build its case out of inferences arising from use of the testimonial privilege and when, in the circumstances of a given case, inferences from a witness' refusal to answer adds critical weight to the prosecution's case. *See Rado v. Connecticut,* 607 F.2d 572, 581 (2d Cir.1979) (citing *Namet v. United*

8

*States*, 373 U.S. 179, 83 S.Ct. 1151, 10 L.Ed.2d 278 (1963)), cert. denied, 447 U.S. 920, 100 S.Ct. 3009, 65 L.Ed.2d 1112 (1980); *see also United States v. Casamento,* 887 F.2d 1141, 1186 (2d Cir.1989), cert. denied, 493 U.S. 1081, 110 S.Ct. 1138, 107 L.Ed.2d 1043 (1990).

*Perez v. Jones*, 935 F.2d 480, 483 (2d Cir. 1991).

That is exactly what will happen here if the cross examination is allowed. In *Perez,* the prosecutor did not know in advance that the witness would invoke the Fifth Amendment. The prosecutor here does know this. In *Perez*, the refusals to answer did not add critical weight to the state's case. Here, the refusal to answer will be deadly to the defendant, whose hope of acquittal turns exclusively on the jury's belief in his account of his own mental state.

Accordingly, defendant respectfully requests that this Court preclude the government from cross-examining him on his prior conduct and the pending criminal charges no longer before this Court.

Dated: June 13, 2011
   Garden City, New York

                                          Respectfully requested,


                                          _____/s/ Bruce Barket_____
                                          Bruce A. Barket, Esq.
                                          QUADRINO & SCHWARTZ, P.C.
                                          666 Old Country Road, 9th Fl.
                                          Garden City NY, 11530
                                          (516) 745-0101
                                          (516) 745-0844 Fax

                                          Attorney for Jon J. Lackner

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

```
----------------------------------------------------------X
UNITED STATES OF AMERICA,                 :       Criminal No. 09-CR-813 (PBT)
                                          :
              v.                          :
                                          :
JON J. LACKNER,                           :
                  Defendant               :
----------------------------------------------------------X
```

CERTIFICATION OF SERVICE

I certify that on June 13, 2011, I served a true and correct copy of the Notice of Motion In Limine and Memorandum of Law In Support to Preclude Inquiry On Cross Examination About Specific Instances Of Prior Conduct have been filed electronically with the Clerk of Court through the CM/ECF system and a copy served this date by email upon the following:

> Jessica Natali, Esq.
> United States Attorney's Office
> Eastern District of Pennsylvania
> 615 Chestnut Street, Suite 1250
> Philadelphia, PA 19106
> Jessica.Natali@USDOJ.GOV

_____/s/_____Bruce Barket_____
Bruce A. Barket

10