# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| USA,<br>        Plaintiff,<br>v.<br>Jon J. Lackner,<br>        Defendant. | CRIMINAL ACTION<br><br>NO. 09-cr-813 |

Tucker, J.                                                                                                                                                        June 21, 2011

Currently pending before the Court is Defendant's Motion to Suppress (Doc. 57), the Government's Response in Opposition (Doc. 60), and Defendant's Reply thereto (Doc. 63). For the reasons discussed below, the Court denies Defendant's motion.

## I. Background

On December 17, 2009, defendant Jon J. Lackner ("Defendant Lackner") was charged by a federal grand jury sitting in the Eastern District of Pennsylvania in an indictment with the following five counts: (1) one count of using the mail and facilities and means of interstate commerce, that is a computer, the Internet, and a telephone, to knowingly attempt to persuade, induce, entice, and coerce a person he believed had not yet attained the age of 18 years to engage in sexual activity, in violation of 18 U.S.C. § 2422(b); (2) one count of traveling from New Jersey to Bensalem, Pennsylvania for the purpose of engaging in illicit sexual conduct with another person, in violation of 18 U.S.C. § 2423(b) and (e); and (3) three counts of knowingly using facilities and means of interstate commerce, that is a computer and the Internet, to knowingly attempt to transfer obscene matter to another individual who had not attained the age of 16 years, knowing that the other individual had not attained the age of 16 years, in violation of

18 U.S.C. § 1470.

On February 24, 2011, Defendant Lackner was charged by a federal grand jury sitting in the Eastern District of Pennsylvania in a superseding indictment that added the following two counts: (1) one count of having knowingly used, persuaded, induced, enticed, and coerced a minor, E.C., to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, using materials that had been mailed, shipped and transported in interstate and foreign commerce to produce that visual depiction, in violation of 18 U.S.C. § 2251(a); and (2) one count of having knowingly possessed a computer, which contained a visual depiction that had been produced using materials that had been mailed, shipped and transported in interstate and foreign commerce. The production of this visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depictions were of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B).

The alleged facts giving rise to Defendant's indictments are set forth below.

Detective Joseph Sciscio, a member of the Bensalem Township Police Department, created an undercover Yahoo! Messenger profile of a 14 year old female residing in Bensalem, Pennsylvania with a birth date of December 9, 1993 (hereinafter referred to as "Jessica"). The profile contained a photograph of a female Bensalem Township Police Officer posing as Jessica, and used the screen name "catcheer1993."

On September 9, 2008, Defendant Lackner, under his username amorous_stallion, contacted catcheer1993 in a chat room. Jessica advised amorous_stallion that she was a 14 year old female from Bensalem Township. In response, amorous_stallion stated that his name was Jon, he was 44 years old, and was from Cherry Hill, New Jersey.

The online chats, initiated by Defendant Lackner, continued for the next several months, through March 2009. The two chatted online approximately 40 times, sometimes for several hours per session. During the chats, the Defendant discussed the age of consent, statutory rape, and the unlawfulness of him engaging in sexual activity with anyone under 16 years of age. The contents of the chats contained sexually explicit communications, and were on occasion accompanied by obscene, sexually charged video footage of Defendant. The two also exchanged photographs via email.

In January 2009, Defendant Lackner traveled from New Jersey to meet Jessica at a restaurant in Bensalem, but departed when she failed to meet him. In March 2009, Defendant Lackner mailed an envelope with $150.00 to Jessica at an undercover trailer park address to be used by Jessica to purchase a cellular telephone. Thereafter, numerous text messages were exchanged between an undercover phone and Defendant Lackner's phone.

On March 12, 2009, Defendant Lackner traveled unannounced from New Jersey to Bensalem a second time in an attempt to locate Jessica in the trailer park. On March 24, 2009, Defendant Lackner traveled from New Jersey to Bensalem for a third time, for the purpose of meeting Jessica, where he was arrested by Bensalem detectives. After his arrest, Defendant Lackner was Mirandized, interviewed, and provided a written statement along with a letter to Jessica in which he made numerous admissions.

On the evening of March 24, 2009, police officers from Cherry Hill, New Jersey applied for and secured a warrant for Defendant Lackner's New Jersey residence. The warrant permitted a later search of the electronic evidence obtained. Several computers and electronic evidence were seized from Defendant Lackner's home. The devices seized included a Toshiba laptop, a

Sony Vaio laptop ("Sony laptop"), three web cameras and two USB drives. In addition, Defendant Lackner's employer, Main Street Dental, provided to police a desktop computer, "Unit 7", which was used by Defendant Lackner at the office during the relevant time frame.

Shortly after the New Jersey warrant was signed, officers from Bensalem turned over the aforementioned evidence to the Pennsylvania State Police Computer Crime Lab. On April 7, 2009, Bensalem detectives applied for a second warrant to search the electronic evidence. The Pennsylvania State Police then examined all of the electronic evidence seized, performing a narrow search solely for evidence involving chats between catcheer1993 and amorous_stallion.

The Defendant was charged federally in December 2009 in a five count indictment which related only to his conduct with Jessica, and evidence obtained from the Toshiba laptop. In 2010, the Federal Bureau of Investigation (FBI) performed a broader examination of the Sony laptop, discovering numerous chats and video beginning in 2006 of a sexually explicit nature, between Defendant and a female from Turkey who stated that she was 16 years of age. This new evidence resulted in a superseding indictment which added two counts charging Defendant Lackner with the production and possession of child pornography.

The parties dispute certain facts surrounding the FBI's 2010 search of the Sony laptop, and the admissibility of the child pornography evidence uncovered therefrom.[1] Defendant claims that it verbally requested a mirror image of the Sony laptop from the Assistant United States Attorney. In response, the Defendant contends that the Assistant United States Attorney informed defense counsel that pursuant to its obligations under the Adams Walsh Act, the government

---

[1] At the oral argument held on June 6, 2011, the parties enunciated differing accounts of the facts leading to the FBI's eventual search of the Sony laptop.

would be required to search the Sony laptop to ensure that it did not contain child pornography before turning it over to defense counsel. To the contrary, the Government avers that during a telephone conference with defense counsel to discuss discovery issues, the Government became aware that it inadvertently failed to provide the Defendant with a mirror image of the Sony laptop. The Assistant United States Attorney then requested to have the mirror image turned over to defense counsel, but was informed by the FBI that the computer would need to be searched prior to turning over such mirror image.

## II. June 6, 2011 Oral Argument

On June 6, 2011, the Court held an oral argument on Defendant's Motion to Suppress. During oral argument, the Defendant requested the suppression of evidence of child pornography obtained from an allegedly warrantless search of Defendant's Sony Vaio laptop ("Sony laptop"). Such evidence led to the addition of Counts Six and Seven of the Superseding Indictment.

Defendant contended that the Government's search of the Sony laptop was in violation of Defendant's Fourth Amendment right against unlawful search and seizure. (Doc. 57 at 4.) First, Defendant argues that there was no valid warrant ever issued for search of the Sony laptop. Defendant averred that neither the New Jersey nor the Pennsylvania warrants provided law enforcement with the right to search the Sony laptop for evidence of child pornography. More specifically, Defendant contended that the Pennsylvania warrant failed, on its face, to include the Sony laptop as an item to be searched. Furthermore, Defendant argued that the affidavit attached to the Pennsylvania warrant, which did enumerate the Sony laptop as an item to be searched, should not be incorporated to cure the warrant's failure to state such item.

Additionally, Defendant argued that the FBI and the government did not execute the

warrants in good faith when searching the Sony laptop. In support of this argument, Defendant alleged that at the time of the search, the FBI agent and the United States Attorney's office executed the search, despite having knowledge that the Pennsylvania warrant was defective for its failure to enumerate the Sony laptop as an item to be searched.

In response, the Government argued that the Defendant conceded that both warrants were supported by probable cause, and that the search of Defendant's New Jersey residence was legal, as well as the initial search of the Sony laptop by the Pennsylvania State Police examiner. Moreover, the Government contended that the FBI's search of the Sony laptop was legal and in good faith, as agents are not required to obtain a new warrant each time they decide to go back and search computers, so long as their actions are based on a valid warrant.[2]

## III. Discussion

Defendant argues that the evidence of pornography recovered from the Sony laptop of Defendant Lackner by the FBI must be suppressed because the search leading up to its recovery violated Defendant Lackner's Fourth Amendment rights. There are two issues to be decided. First, the Court must determine whether the warrants issued gave the FBI the appropriate authority to conduct the search. Secondly, the Court must determine whether the FBI had the appropriate authority to conduct the search of the Sony laptop, despite any potential defects in the Pennsylvania warrant. The Court finds that Defendant's Fourth Amendment rights were not violated, as the evidence recovered from the Sony laptop was the result of a legal, good faith

---

[2] Notably, at oral argument, the Government chose not to assert the contention, which it set forth in its Response, that the search of the Sony laptop was legal and necessary due to the Government's obligation to comply with federal law, namely the Adams Walsh Act. Because the Government declined to set forth this position at the oral argument, the Court will not consider it in its analysis.

search by the FBI.

Defendant claims that the FBI's recovery of the child pornography from the Sony laptop was in violation of his Fourth Amendment right against unlawful search and seizure because neither the initial warrant issued in New Jersey, nor the subsequent Pennsylvania warrant, extended the scope of the search to the Sony laptop. The Defendant asserts that the New Jersey warrant only permitted the items seized from Defendant's apartment, including the Sony laptop, to be searched by the Bensalem Police Department for crimes related to endangering a minor under New Jersey law. Secondly, the Defendant contends that the Pennsylvania warrant, which enumerated a list of items to be searched, should not be read together with its attached affidavit. More specifically, Defendant argues that the Pennsylvania warrant, which was silent on its face concerning the Sony laptop, should not incorporate its attached affidavit, which expressly set forth the Sony laptop as an item to be searched.

Concerning the subject of the search, Defendant contends that a new warrant was required for the search of Defendant's Sony laptop for child pornography. The Defendant asserts that the New Jersey warrant only permitted the search and seizure of electronic items in Defendant's apartment, with such search and seizure limited solely to seeking evidence of the counts set forth in the first federal indictment, none of which related to child pornography.

The Government disagrees, and argues that the search of the Sony laptop was legal and in good faith. According to the Government, both warrants were valid, and permitted the electronics seized from Defendant's residence to be searched not only for evidence of chats between Defendant and Jessica, but also for any crimes involving the endangerment of a minor, which includes the offense of child pornography. The New Jersey warrant permitted later searches of the

evidence seized, and its subject matter, endangering the welfare of a child under New Jersey law, legally encompassed a search for child pornography. Additionally, the Pennsylvania warrant's silence concerning the Sony laptop was an inadvertent, and clear clerical error as evidenced by the attached affidavit that expressly referenced the New Jersey warrant and specifically included the Sony laptop as an item to be searched. The Government contends that the two valid warrants, combined with the fact that the FBI relied upon such warrants in good faith when searching the Sony laptop, made such search and ultimate recovery of child pornography legal.

Generally, Circuit Courts have held that an affidavit may be deemed incorporated, and may be used to elucidate an otherwise unclear warrant, if the warrant is accompanied by an affidavit that is expressly incorporated by reference. See e.g., Groh v. Ramirez, 540 U.S. 551 (2004); United States v. Tracey, 597 F.3d 140 (3d Cir. 2010); Doe v. Groody, 361 F.3d 232 (3d Cir. 2004); Bartholomew v. Pennsylvania, 221 F.3d 425, 428-29 (3d Cir 2000); United States v. Johnson, 690 F.2d 60, 64 (3d Cir. 1982). In Groody, the Third Circuit articulated two exceptions to the general rule of express incorporation of an affidavit, providing guidance on how and when an unincorporated affidavit may be used to clarify the scope of a warrant lacking in specificity. Under the first, a court may reference an unincorporated affidavit if the warrant at issue is either ambiguous or contains a clerical error that can be clarified by the affidavit. The second exception allows an unincorporated affidavit to cure an overly broad warrant if the result would lead to a search restricted to a narrower scope. Id. at 240.

The Court finds that the circumstances here constitute clerical error, and thus meet the first exception. The face of the warrant clearly lists each electronic item seized from Defendant's residence except the Sony laptop. The Affidavit of Probable Cause attached to the Pennsylvania

warrant clearly references the New Jersey warrant, and identifies all the items listed on the face of the warrant, also referencing the Sony laptop three separate times. It is clear that the Sony laptop was mistakenly omitted from the face of the warrant, and was clerical error.

The Court also finds that the New Jersey warrant was valid, as the FBI agents permissibly searched for child pornography as permitted. The New Jersey warrant expressly authorized the search of "evidence of the crime of Endangering the Welfare of a Child, in violation of N.J.S.A. 2C:24-4." Such a statement sufficiently allowed the FBI to search for child pornography, which is an offense directly related to endangering the welfare of a child. Further, under New Jersey law, the proper inquiry concerning child endangerment is whether a person "presents the appearance of being under the age of 16", and thus the FBI's search was valid, as it is objectively reasonable that a 16 year old depicted in pornographic images, would give the appearance of an individual younger than 16 years of age.

Under Tracey, the Third Circuit upheld a warrant as valid under the doctrine of good faith set forth in United States v. Leon, 468 U.S. 897 (1984). In Leon, the Supreme Court declared that "[T]he marginal or nonexistent benefits produced by suppressing evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant cannot justify the substantial cost of exclusion [. . .] the good-faith exception, turning as it does on objective reasonableness, should not be difficult to apply in practice. When officers have acted pursuant to a warrant, the prosecution should ordinarily be able to establish objective good faith without a substantial expenditure of judicial time." Id. at 922, 924.

Tracey, relying on Leon and Herring v. United States, 129 S. Ct. 695, 701-02 (2009), found that "evidence should be suppressed only if it can be said that the law enforcement officer had

knowledge, or may properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment." Tracey, 597 F.3d at 150-51. There was no evidence presented before the Court showing that the FBI agent who conducted the search of the Sony laptop had any knowledge that his search was unconstitutional. To the contrary, similar to the facts in Tracey, the federal agents at hand properly presumed that the affidavit attached to the Pennsylvania warrant was to be read together with such warrant, allowing for the search of the Sony laptop. In Tracey, the Third Circuit concluded that a reasonable officer could believe that he met Fourth Amendment requirements by checking the box on the face of a warrant to indicate that an affidavit was attached, and by writing in the total number of pages of both documents. Id. at 153. In the present matter, Detective Sciscio, who secured the Pennsylvania warrant, checked the box on the warrant indicating that the affidavit was attached, and further indicated its inclusion by handwriting "8" as the total number of pages for both documents taken together. Thus, the Court finds that the FBI agent relying on the Pennsylvania warrant to search the Sony laptop did so reasonably, and in good faith.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Suppress is denied. An appropriate Order follows.

BY THE COURT:

*/s/ Petrese B. Tucker*

**Hon. Petrese B. Tucker, U.S.D.J.**